02-12-412-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00412-CR

 

 


 
 
 Ricky
 Heffel
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From County Criminal
 Court No. 4
  
 of
 Denton County (CR-2011-08522-D)
  
 December
 13, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00412-CR

 

 


 
 
 Ricky Heffel
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 4 OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Upon
his plea of not guilty, a jury convicted Appellant Ricky Heffel of driving
while intoxicated, and the trial court sentenced him to pay a $400 fine and
serve 180 days in jail, probated for eighteen months.  The trial court imposed
the sentence on May 21, 2012.  Appellant filed a timely motion for new trial,
so his notice of appeal was due August 20, 2012.[2] 
But the notice of appeal was not filed until September 5, 2012; thus, it was
untimely.

Accordingly,
we informed Appellant by letter on October 4, 2012, that this appeal was
subject to dismissal unless he submitted evidence that the notice of appeal was
timely mailed on or before August 20, 2012.[3]  Appellant did not
respond.

A
notice of appeal that complies with the requirements of rule 26 is essential to
vest this court with jurisdiction.[4] 
The Texas Court of Criminal Appeals has expressly held that, without a timely
filed notice of appeal or motion for extension of time, this court cannot
exercise jurisdiction over an appeal.[5] 
Only the Texas Court of Criminal Appeals may grant Appellant an out of time
appeal.[6]

Because
Appellant’s notice of appeal was untimely filed, we dismiss this case for want
of jurisdiction.[7]

 

 

PER CURIAM

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 13, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P.
26.2(a)(2) (providing that notice of appeal must be filed within ninety days of
sentencing when a motion for new trial is timely filed).





[3]See Tex. R. App. P.
9.2(b).





[4]See Tex. R. App. P. 26.2(a)(2); Castillo v. State,
369 S.W.3d 196, 198 (Tex. Crim. App. 2012).





[5]Castillo, 369 S.W.3d at 198; Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).





[6]See Tex. Code Crim. Proc.
Ann. art. 11.07 (West Supp. 2012); Olivo, 918 S.W.2d at 525 n.8.





[7]See Tex. R. App. P.
26.2(a)(2), 43.2(f).