

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00412-CR

| | | |
|---|---|---|
| Ricky Heffel | § | From County Criminal Court No. 4 |
| | § | of Denton County (CR-2011-08522-D) |
| v. | § | December 13, 2012 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed.  It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00412-CR

RICKY HEFFEL                            APPELLANT

V.

THE STATE OF TEXAS                         STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Upon his plea of not guilty, a jury convicted Appellant Ricky Heffel of driving while intoxicated, and the trial court sentenced him to pay a $400 fine and serve 180 days in jail, probated for eighteen months. The trial court imposed the sentence on May 21, 2012. Appellant filed a timely motion for new trial, so his notice of appeal

---

[1]*See* Tex. R. App. P. 47.4.

was due August 20, 2012.[2] But the notice of appeal was not filed until September 5, 2012; thus, it was untimely.

Accordingly, we informed Appellant by letter on October 4, 2012, that this appeal was subject to dismissal unless he submitted evidence that the notice of appeal was timely mailed on or before August 20, 2012.[3] Appellant did not respond.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.[4] The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, this court cannot exercise jurisdiction over an appeal.[5] Only the Texas Court of Criminal Appeals may grant Appellant an out of time appeal.[6]

---

[2]*See* Tex. R. App. P. 26.2(a)(2) (providing that notice of appeal must be filed within ninety days of sentencing when a motion for new trial is timely filed).

[3]*See* Tex. R. App. P. 9.2(b).

[4]*See* Tex. R. App. P. 26.2(a)(2); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

[5]*Castillo*, 369 S.W.3d at 198; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

[6]*See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012); *Olivo*, 918 S.W.2d at 525 n.8.

Because Appellant's notice of appeal was untimely filed, we dismiss this case for want of jurisdiction.[7]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 13, 2012

---

[7]*See* Tex. R. App. P. 26.2(a)(2), 43.2(f).

4