

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00208-CR
### NO. 02-13-00209-CR

RAINIER FRIMPONG AMANKWAH                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain in each case, Appellant Rainier Frimpong Amankwah pled guilty to (1) engaging in organized criminal activity—making a false statement to obtain property or credit of $20,000–$100,000[2] and (2) the

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. §§ 32.32(a)–(b), (c)(5), 71.02(a)(1) (West 2011 & Supp. 2012).

fraudulent use or possession of ten–fifty items of identifying information,[3] and the trial court convicted him and sentenced him to thirteen years' confinement, with the two sentences to run concurrently. The trial court imposed the sentences on August 22, 2011. Appellant did not file a motion for new trial in either case, so his notices of appeal were due September 21, 2011, but were not filed until May 7, 2013. The notices of appeal were therefore untimely.[4]

Accordingly, we informed Appellant by letter on May 16, 2013, that these appeals were subject to dismissal unless he or any party desiring to continue the appeals filed a response showing grounds for continuing the appeals. Appellant's lawyer filed a response indicating that the pro se notices of appeal were filed without his knowledge and stating his awareness that the cases could not be appealed.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.[5] The Texas Court of Criminal Appeals has expressly held that without a timely filed notice of appeal or motion for extension of time, this court cannot exercise jurisdiction over an appeal.[6]

---

[3] *See id.* § 32.51(a)–(b), (c)(3).

[4] *See* Tex. R. App. P. 26.2(a)(1).

[5] *See id.*; *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

[6] *Castillo*, 369 S.W.3d at 198; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Because Appellant's notices of appeal were untimely filed, we dismiss these cases for want of jurisdiction.[7]

PER CURIAM

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 17, 2013

---

[7]*See* Tex. R. App. P. 26.2(a)(1), 43.2(f).