

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00337-CR
No. 07-14-00338-CR
_____

STACIE ANN KENEMORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 66,764-E & 66,765-E; Honorable Douglas R. Woodburn, Presiding

September 23, 2014

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

In 2013, Appellant, Stacie Ann Kenemore, was convicted of theft, a state jail felony,[1] in cause numbers 66,764-E and 66,765-E. She was sentenced to two years confinement and assessed a $1,000 fine, suspended in favor of community supervision for five years. On May 28, 2014, the trial court entered judgments revoking Appellant's

_____

[1] TEX. PENAL CODE ANN. § 31.03(e)(4) (West Supp. 2014).

community supervision and assessing the original sentences of two years confinement in each cause, with the sentences to run concurrently. The trial court entered a *Trial Court's Certification of Defendant's Right of Appeal* in each cause indicating Appellant has a right of appeal, and counsel was appointed to represent her on appeal. The limited documents before us reflect that motions for new trial were not filed. On September 5, 2014, appointed counsel filed notices of appeal in each cause. We dismiss these purported appeals for want of jurisdiction.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, a court of appeals has no option but to dismiss the appeal for want of jurisdiction. *Id.* When, as here, no motions for new trial were filed, the notices of appeal were required to be filed within thirty days after the day Appellant's sentences were imposed. TEX. R. APP. P. 26.2(a)(1). The deadline could have been extended if, within fifteen days of the deadline, Appellant had filed the notices with the trial court clerk and had also filed motions for extensions of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court. *See* TEX. R. APP. P. 26.3. This Court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The judgments in these appeals reflect that Appellant's sentences were imposed on May 28, 2014. The notices of appeal were due to be filed on or before June 27, 2014. Even applying the fifteen day extension period to the due date, the last possible

date to file the notices was July 14, 2014.[2]  The notices filed on September 5, 2014, fall outside that deadline.  Appellant's untimely filed notices of appeal prevent this Court from acquiring jurisdiction over these appeals.[3]

Consequently, these appeals are dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.

---

[2] The fifteenth day fell on Saturday, July 12, 2014, and was extended to Monday, July 14, 2014, per Rule 4.1(a) of the Texas Rules of Appellate Procedure.

[3] Appellant may be entitled to relief by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014).