

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00376-CR

ARMANDO ANAYA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2013-439,055, Honorable Jim Bob Darnell, Presiding

November 2, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant Armando Anaya attempts to appeal his conviction for aggravated assault and sentence to twenty years' imprisonment. We dismiss the appeal for want of jurisdiction.

Appellant's sentence was imposed on July 18, 2013. Because appellant did not file a motion for new trial, his notice of appeal was due within thirty days, by August 19, 2013. *See* TEX. R. APP. P. 26.2(a)(1) (requiring a notice of appeal to be filed within thirty

days after the day sentence is imposed), 4.1(a).  Appellant did not file a notice of appeal until October 11, 2018.

A timely notice of appeal is required to invoke this court's appellate jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).  If the notice is untimely, a court of appeals can take no action other than to dismiss the proceeding for lack of jurisdiction.  *Id.*  Because appellant's notice of appeal was untimely filed, we have no jurisdiction over the matter and must dismiss the appeal.

Accordingly, the appeal is dismissed for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure.