

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

Nos. 07-18-00392-CR
07-18-00393-CR

———————————————

JAIME CUELLAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 70,471-D & 70,472-D; Honorable Don R. Emerson, Presiding

November 26, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Jaime Cuellar, was convicted of tampering with or fabricating physical evidence[1] and possession of a controlled substance, penalty group one, in an amount of one gram or more but less than four grams.[2]  The trial court sentenced appellant to ten years confinement for each offense, with the sentences to run concurrently.  Now pending

---

[1] TEX. PENAL CODE ANN. § 37.09(c) (West 2016).

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017).

before this court are Appellant's motions to extend the time to file a notice of appeal in each cause. We deny the motions and dismiss the purported appeals for want of jurisdiction.

Appellant was sentenced for both offenses on June 21, 2018. As no motion for new trial was filed, Appellant's notices of appeal were due within thirty days after sentence was imposed, i.e., by July 23, 2018. *See* TEX. R. APP. P. 26.2(a) (a notice of appeal must be filed within thirty days after sentence is imposed if no motion for new trial is timely filed); 4.1(a). On October 26, 2018, Appellant's appointed counsel filed a notice of appeal and a motion for extension in each cause. In her motions, counsel explains that she failed to timely file the notices of appeal due to an oversight.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, a court of appeals has no option but to dismiss the appeal for want of jurisdiction. *Id.* Further, this court has no authority to invoke appellate rule 2 to enlarge the time in which to file a notice of appeal. TEX. R. APP. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Appellant's untimely filed notices of appeal prevent this court from acquiring jurisdiction over the appeals.[3] Consequently, the appeals are dismissed for want of jurisdiction.

Per Curiam

Do not publish.

---

[3] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).