

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00622-CR

Ruben **JASSO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2005CR6326W
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:     Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed: December 12, 2018

DISMISSED FOR WANT OF JURISDICTION

On August 18, 2005, Ruben Jasso was convicted of forging a commercial instrument. On August 29, 2018, appellant filed a pro se notice of appeal from a negotiated plea, seeking to appeal his underlying conviction. The clerk's record contains a copy of the judgment of conviction and does not include a motion for new trial. Because appellant did not file a timely motion for new trial, the deadline for filing a notice of appeal was September 17, 2005. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal was not filed, however, until August 29, 2018, and at no point did appellant timely file a motion for extension of time to file the notice of appeal. *See id.* R. 26.3.

Because the notice of appeal appeared to be untimely, we ordered appellant to file a written response in this court on or before November 5, 2018 showing cause why we should not dismiss this appeal for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). We also advised appellant that if no satisfactory response was filed within the time provided, we would dismiss the appeal for want of jurisdiction.

In that same order, we also noted the trial court signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). We therefore advised appellant that if jurisdiction was established, we may be required to dismiss the appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *See id.* R. 25.2(d).

Appellant has not filed a response showing cause why this appeal should not be dismissed for want of jurisdiction. The timely filing of a written notice of appeal is a jurisdiction prerequisite. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2010). In the absence of a timely filed notice of appeal, we have no option but to dismiss the appeal for want of jurisdiction. *Id*. Accordingly, because the record establishes the notice of appeal in this case was not timely filed and appellant has failed to provide any documentation to the contrary, we dismiss the appeal for want of jurisdiction.[1] *See id*.

PER CURIAM

Do Not Publish

---

[1] We could also dismiss the appeal pursuant to Rule 25.2(d), but given we lack jurisdiction, we dismiss on this basis.