

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00441-CR
No. 07-18-00442-CR

FABIAN PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 72,134-D & 72-295-D, Honorable Don Emerson, Presiding

January 15, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Fabian Perez, appearing *pro se*, attempts to appeal his two convictions for failure to register as a sex offender.  We dismiss the appeals for want of jurisdiction.

Appellant's sentences were imposed on February 5, 2018.  Appellant did not file a motion for new trial.  Therefore, his notice of appeal was due within thirty days of sentencing, by March 7, 2018.  *See* TEX. R. APP. P. 26.2(a)(1) (requiring a notice of appeal to be filed within thirty days after the day sentence is imposed).  Appellant filed his notice of appeal for both convictions on December 18, 2018.

A timely notice of appeal is required to invoke this court's appellate jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).  If the notice is untimely, a court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction.  *Id.*  Because appellant's notice of appeal was untimely filed, we have no jurisdiction over the matters and must dismiss the appeals.

Accordingly, the appeals are dismissed for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure.