

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00194-CR

ADAN ROBA NURA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 76134-D-CR, Honorable Richard Dambold, Presiding

July 11, 2019

## MEMORANDUM OPINION

Before QUINN, C.J.[1], and PIRTLE and PARKER, JJ.

Pursuant to a plea bargain agreement, appellant Adan Roba Nura was placed on deferred adjudication community supervision for three years for the offense of possession of a controlled substance.[2]  Appellant has filed a notice of appeal, proceeding pro se, from

---

[1] Chief Justice Brian Quinn not participating.

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

the trial court's order of deferred adjudication. We dismiss the appeal for want of jurisdiction and because appellant has no right of appeal.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

The trial court signed the order of deferred adjudication on September 21, 2018. Because no motion for new trial was filed, appellant's notice of appeal was due within thirty days, by October 22, 2018. *See* TEX. R. APP. P. 26.2(a), 4.1(a). Appellant did not file a notice of appeal until March 29, 2019. Accordingly, appellant's untimely filed notice of appeal prevents this Court from acquiring jurisdiction over the appeal.

Furthermore, the *Trial Court's Certification of the Defendant's Right of Appeal* certifies that this is a plea-bargain case from which appellant has no right of appeal and that appellant has waived the right of appeal. We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."

By letter dated June 6, 2019, this Court notified appellant of the consequences of the late notice of appeal and the trial court's certification and invited him to demonstrate

grounds for continuing the appeal by June 20. Appellant has not filed a response to the Court's letter to date.

Accordingly, we dismiss the appeal for want of jurisdiction and based on the trial court's certification.

Per Curiam

Do not publish.