

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00300-CR

WESLEE JOEL BOLTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3970, Honorable Stuart Messer, Presiding

September 13, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Pursuant to a plea bargain agreement, appellant Weslee Joel Bolton was placed on deferred adjudication community supervision for a period of six years for the offense of obstruction or retaliation.[1]  Appellant has filed a notice of appeal, proceeding pro se, from the order of deferred adjudication.  We dismiss the appeal for want of jurisdiction and because appellant has waived the right of appeal.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal.  *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).  In a

---

[1] TEX. PENAL CODE ANN. § 36.06 (West 2016).

criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

The trial court signed the order of deferred adjudication on February 22, 2019. Because no motion for new trial was filed, a notice of appeal was due within thirty days, by March 25, 2019. TEX. R. APP. P. 26.2(a), 4.1(a). Appellant did not file a notice of appeal until August 16, 2019. Accordingly, his untimely filed notice of appeal prevents this court from acquiring jurisdiction over the appeal.

Furthermore, the trial court's certification of appellant's right of appeal certifies that appellant has waived the right of appeal. We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."

By letter of August 26, 2019, we notified appellant of the consequences of his late notice of appeal and the trial court's certification and invited him to show other grounds for continuing the appeal. Appellant filed a response but did not demonstrate grounds for continuing the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction and based on the trial court's certification.

Per Curiam

Do not publish.