

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00313-CR
_____

BILLY RAY WALKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court
Dickens County, Texas
Trial Court No. 7181, Honorable Woodie McAurthur, Presiding

September 27, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant Billy Ray Walker, appearing pro se, attempts to appeal his conviction for driving while intoxicated. We dismiss the appeal for want of jurisdiction.

Appellant's sentence was imposed on January 26, 2000. His notice of appeal was due within thirty days of sentencing, by February 25, 2000. TEX. R. APP. P. 26.2(a) (requiring a notice of appeal to be filed within thirty days after the day sentence is imposed or within ninety days if a motion for new trial is timely filed). Appellant filed his notice of appeal on August 9, 2019.

A timely notice of appeal is required to invoke this court's appellate jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If the notice is untimely, a court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *Id.* Because appellant's notice of appeal was untimely filed, we have no jurisdiction over the matter and must dismiss the appeal.

Accordingly, the appeal is dismissed for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] The appropriate vehicle for seeking an out-of-time appeal from a final misdemeanor conviction is by writ of habeas corpus pursuant to articles 11.05 and 11.09 of the Code of Criminal Procedure.