

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1427-11

**EX PARTE MARIO AMARO CASTILLO, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON COUNTY

COCHRAN, J., **delivered the opinion of the Court in which** KELLER, **P.J., and**
MEYERS, PRICE, WOMACK, KEASLER, **and** HERVEY, JJ., **joined.** ALCALA, J., **filed a**
**dissenting opinion in which** JOHNSON, J., **joined.**

### O P I N I O N

Appellant filed his notice of appeal one day late. His notice of appeal and motion for

extension of time were picked up by Federal Express after business hours on the last day of

filing and delivered to the trial court the next day. The court of appeals dismissed his appeal

for lack of jurisdiction.[1] Appellant argues that the "timely mailed, timely filed" mailbox rule

---

[1] *Ex parte Castillo*, No. 02-11-00172-CR, 2011 WL 2436771, *1 (Tex. App.–Fort Worth
June 16, 2011) (not designated for publication).

of Texas Rule of Appellate Procedure (TRAP) 9.2(b), which explicitly requires timely mailing via the United States Postal Service, is antiquated and should be read to include private couriers, such as Federal Express.[2]  We conclude that the plain, unambiguous language of the rule requires timely mailing with the U.S. Postal Service, not a private courier.  Until and unless the Supreme Court of Texas and this Court change the language of Rule 9.2(b), the "timely mailed, timely filed" mailbox rule applies only to documents delivered to the U.S. Postal Service.

## I.

Appellant pled *nolo contendere* to the misdemeanor offense of assault–family violence in 2006.  He successfully completed his sentence of twenty months of community supervision in 2008.  Three years later, appellant filed an 11.072[3] application for a writ of habeas corpus in the county court.  He alleged that his original plea was involuntary based on ineffective assistance of counsel because he was not properly admonished of the deportation consequences of that plea.  The trial judge denied relief on March 30, 2011.

Appellant's notice of appeal was due on April 29, 2011.  But that due date could be extended for an additional fifteen days[4]–until May 16th–by filing a request for an extension

---

[2] Appellant's ground for review states, "The court of appeals decision incorrectly dismissed petitioner's appeal for want of jurisdiction."

[3] TEX. CODE CRIM. PROC. art. 11.072.

[4] The fifteenth day after April 29th was May 14th, but because that day was a Saturday, the deadline was extended another two days to Monday, May 16th.  *See* TEX. R. APP. P. 4.2(a).

of time under TRAP 26.3. Appellant filed both a notice of appeal and a motion for extension of time on May 17, 2011. The court of appeals referred to TRAP 9.2(b)(1)(A) which states that a document received within ten days after the filing deadline is considered timely if it was sent to the proper clerk via the United States Postal Service.[5] Appellant did not use the U.S. Postal Service. Instead, he "provided internet print-outs indicating that the notice of appeal was picked up for delivery by Federal Express at 6:49 p.m. on May 16, 2011, and delivered to the trial court clerk on May 17, 2011."[6] The court of appeals therefore dismissed the appeal because appellant's notice was untimely by one day.[7]

Appellant petitioned this Court for discretionary review, claiming that the court of appeals's holding exalts form over substance by dismissing his appeal "based on a technical non-compliance with the rules of procedure[.]"[8]

**II.**

Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal.[9] If a notice of appeal is not timely filed, the court of appeals has no option but to

---

[5] *Ex parte Castillo*, 2011 WL 2436771, at *1.

[6] *Id.*

[7] *Id.*

[8] Appellant's Brief at 3.

[9] *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.").

dismiss the appeal for lack of jurisdiction.[10]  Normally, a notice of appeal is "filed" when

it is physically delivered to, and received by, the clerk of the trial court.[11]  Thus, a notice of

appeal may be timely delivered to the clerk by any means: personal delivery, private courier,

U.S. mail, or, as permitted or required by local rules, by electronic means, such as fax or e-

mail.[12]

A long-standing exception to this "physical delivery" filing requirement was the

common-law mailbox rule.  As the United States Supreme Court stated in 1884,

> The rule is well settled that if a letter properly directed is proved to have been
> either put into the post-office or delivered to the postman, it is presumed, from
> the known course of business in the post-office department, that it reached its
> destination at the regular time, and was received by the person to whom it was

---

[10] *Id.* at 523 ("When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction."); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (affirming continuing validity of *Olivo* rule under revised TRAPs).

[11] TEX. R. APP. P. 25.2(b) ("In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal."); 25.2(c)(1) ("Notice must be given in writing and filed with the trial court clerk."); 9.2(a)(1) ("A document is filed in an appellate court by delivering it to. . . the clerk of the court in which the document is to be filed[.]").  Under Rule 25.2(c)(1), the notice of appeal is filed if it is timely received by the court of appeals, because the clerk of that court will "immediately record on the notice the date that it was received and send the notice to the trial court clerk."  *See Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) ("In a long line of cases, this court has held that a document is 'filed' when it is tendered to the clerk, or otherwise put under the custody or control of the clerk.").

[12] *See* TEX. R. APP. P. 9.2(c) ("Documents may be permitted or required to be filed, signed, or verified by electronic means by order of the Supreme Court or the Court of Criminal Appeals, or by local rule of a court of appeals.  A technical failure that precludes a party's compliance with electronic-filing procedures cannot be a basis for disposing of any case.").

addressed.[13]

The rationale for the "timely mailed, timely filed" mailbox rule is two-fold.  First, many citizens who must file a document with a governmental entity live too far away to personally deliver that document to the entity; they should not be penalized by being required to send their documents earlier than those citizens who happen to live in close proximity to that entity.  Second, the law assumes that governmental entities, such as the United States Postal Service, perform their jobs diligently, if not always in a timely manner.[14]

In 1954, Congress codified a version of the common law "timely mailed, timely filed" mailbox rule for documents filed with the Internal Revenue Service.  "The codified rule was designed to alleviate taxpayer hardship resulting from the vagaries of the I.R.S. and the postal

---

[13] *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884).  The Supreme Court quoted an earlier case explaining that

> "the presumption so arising is not a conclusive presumption of law, but a mere inference of fact, founded on the probability that the officers of the government will do their duty and the usual course of business; and, when it is opposed by evidence that the letters never were received, must be weighed with all the other circumstances of the case, by the jury in determining the question whether the letters were actually received or not."

*Id.* at 193-94.

[14] *See* note 15 *infra.*  These same two rationales also supports the "prisoner mailbox" rule, which deems the pleadings of a *pro se* inmate filed at the time they are delivered to prison authorities for forwarding to the court clerk.  *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010); *see also Houston v. Lack*, 487 U.S. 266, 271, 275 (1988) ("Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice. . . . The *pro se* prisoner does not anonymously drop his notice of appeal in a public mailbox–he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing").

system[.]"[15] Under that statutory mailbox rule, a document that must be filed on a certain date is considered to be timely filed if it is postmarked on that date and timely deposited in the United States mail system on that date.[16]  The plain, unambiguous language of that statute has been strictly construed to cover only those documents that have been delivered to and postmarked by the United States Postal Service, so delivery by private couriers, such as FedEx and UPS, is not covered by the mailbox rule.[17]

Texas has long followed that same mailbox rule in its Rules of Civil Procedure and

---

[15] Kimberly C. Metzger, *Interpretation of the Section 7502 Timely-Mailing, Timely-Filing Requirements:* Carroll v. Commissioner *and the Liberal/Conservative Interpretation Dilemma*, 28 U. TOL. L. REV. 767, 768 (1997).  The rationale for that codification is that

> [i]n filing a tax return by mail, two bureaucracies come into play, the IRS and the Postal Service.  Each is geared to handle high volumes of work, and each functions correctly most of the time.  Nevertheless, all bureaucracies can mishandle individual items, and the IRS and the Postal Service are no exceptions.  The Postal Service has been known to apply illegible postmarks or no postmark at all and has detained mail addressed to the IRS.  For its part, the IRS has lost, mishandled, and, in some cases, actually destroyed tax returns.

Kenneth H. Ryesky, *Mailing is Filing Only if Proof of Mailing is Incontrovertible*, 54 TAX'N FOR ACCT. 153, 154 (1995); *see also Drake v. Commissioner,* 554 F.2d 736, 738 (5th Cir. 1977) ("Prior to enactment of the 1954 [I.R.S.] Code, there was no similar provision with regard to timely mailing equaling timely filing. Timely filing depended upon the time of delivery of a petition to the tax court in Washington, D.C. and varied with the geographical area of mailing and the vicissitudes of the mails."); *Sylvan v. Commissioner*, 65 T.C. 548, 551 (1975) ("Prior to the enactment of section 7502, timely filing depended on the vicissitudes of the mail, with the time of delivery varying as to the geographical area of mailing, the seasonal demands imposed on the post office, and the postal performance in the individual case presented. In order to alleviate hardships resulting from delays in particular cases, a presumption of timely delivery was often employed. . . . Congress enacted section 7502 to eliminate the inequities resulting from variations in postal performance when a document is timely mailed.").

[16] 26 U.S.C. § 7502(a)-(b).

[17] *See Petrulis v. Commissioner*, 938 F.2d 78, 80-81 (7th Cir. 1991); *Pugsley v. Commissioner*, 749 F.2d 691, 693 (11th Cir. 1985); *Correia v. Commissioner*, 58 F.3d 468, 469 (9th Cir. 1995).

Rules of Appellate Procedure.  Rule 5 of the Texas Rules of Civil Procedure is titled "Enlargement of Time." It was amended, effective March 1, 1950, to codify the "timely mailed, timely filed" mailbox rule.[18] Rule 5 continues to provide an exception to the rule that documents are filed upon physical delivery.  It currently reads:

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.[19]

The mailbox rule in Civil Rule 5, like the federal statute, applies only to documents that are

---

[18] TEX. R. CIV. P. 5.  The 1950 amendment read:
Provided, however, if a motion for new trial, motion for rehearing, any matter relating to taking an appeal or writ of error from the trial court to any higher court, or application for writ of error is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more before the last day for filing same, and the envelop or wrapper containing same bears a postmark showing such deposit, the same, if received by the clerk not more than ten days tardily shall be filed by the clerk and be deemed filed in time.
*See Phillips v. Reese,* 256 S.W.2d 162, 164-66 (Tex. Civ. App.–El Paso 1952, writ ref'd n.r.e.) (discussing the 1950 amendment to Rule 5 and holding that appellate court had obtained jurisdiction over appeal when record and motion for extension were filed on the day before the amendment took effect, which was also the day before the motion for extension was due).

[19] TEX. R. CIV. P. 5.  Rule 21a, dealing with methods of service, also incorporates the mailbox rule for timely delivery of pleadings, and papers in civil lawsuits ("Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.").

deposited with the U.S. Postal Service, not to documents delivered by a private courier.[20]

That same "timely mailed, timely filed" mailbox rule is in the Texas Rules of Appellate Procedure.  Rule 9.2(b)–applicable to both civil and criminal cases–reads,

(b) *Filing by Mail.*

(1)    Timely Filing. A document received within ten days after the filing deadline is considered timely filed if:

(A)    it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail;

(B)    it was placed in an envelope or wrapper properly addressed and stamped; and

(C)    it was deposited in the mail on or before the last day for filing.

(2)    Proof of Mailing. Though it may consider other proof, the appellate court will accept the following as conclusive proof of the date of mailing:

(A)    a legible postmark affixed by the United States Postal Service;

(B)    a receipt for registered or certified mail if the receipt is endorsed by the United States Postal Service; or

(C)    a certificate of mailing by the United States Postal Service.[21]

The plain, unambiguous language of this rule speaks to the timely mailing of a document via the "United States Postal Service."  It does not permit any other type of delivery or private courier system.

---

[20] *Carpenter v. Town and Country Bank*, 806 S.W.2d 959, 960 (Tex. App.–Eastland 1991, writ denied) (appellate court lacked jurisdiction to consider appeal when appellant sent its motion for new trial "by UPS, a private courier, and not by the United States mail.  Therefore, the time for filing cannot be enlarged, and the motion was not timely filed."); *see also Texas Workers' Comp. Comm'n v. Hartford Accident & Indem. Co.*, 952 S.W.2d 949, 952-53 (Tex. App.–Corpus Christi 1997, writ denied).

[21] TEX. R. APP. P. 9.2(b)

## III.

In this case, appellant did not timely deliver his notice of appeal to the clerk of the trial court.  It was due on April 29, 2011.  However, Rule 26.3 provides a measure of relief for the inadvertent slowpoke.[22]  It permits an extension of time after the deadline to file notice of appeal, if, within fifteen days after the deadline, the party files (a) the notice of appeal in the trial court; and (b) a motion for extension of time under Rule 10.5(b)(2) in the court of appeals.  Appellant did not comply with Rule 26.3 either; he did not physically deliver the notice of appeal within that fifteen-day grace period to the trial court by any appropriate means–personal delivery, private courier, U.S. mail, fax or e-mail.  And he did not comply with the "timely mailed, timely filed" mailbox-rule exception to the physical-delivery rule by delivering his notice of appeal to the United States Postal Service within that fifteen-day extension period.  He waited until 6:49 p.m.–after the close of business hours at

---

[22] A party must state "the facts relied on to reasonably explain the need for an extension." TRAP 10.5(b)(1).  The term "reasonably explain" means a "plausible statement of circumstances indicating that the failure to file within the appropriate deadline was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668, 670 (Tex. 1989); *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex. 1977).  Negligent forgetfulness may suffice; an intentional decision to delay will not.  *See Rodman v. State*, 47 S.W.3d 545, 548 (Tex. App.– Amarillo 2000, no pet.) ("The facts relied upon by appellant to justify the delayed filing of his notice of appeal demonstrate that appellant intended not to file a notice of appeal until it was filed"; when appellant deliberately failed to file a notice of appeal within the normal time limits, but later changed his mind, he did not "'reasonably explain the need for an extension' within the meaning of TRAP 10.5(b)(1)(C) so that we may grant the motion for extension pursuant to TRAP 26.3.").

In this case, the court of appeals also noted that appellant not only filed an untimely notice of appeal, but that his motion for an extension of time did not offer "a reasonable explanation for his need to extend the time to file the notice of appeal." *Castillo*, 2011 WL 2436771, at *1 n.3.

the courthouse–to have Federal Express pick up his documents and deliver them to the trial court clerk the next day. That next day was the sixteenth day after the notice of appeal (and the motion for an extension) was due. This was just one day late, but one day is enough to deprive the appellate court of jurisdiction to consider appellant's appeal under the Texas Rules of Appellate Procedure.[23]

Appellant argues that he "took all steps necessary in order to perfect a late filing of his Notice of Appeal except the requirement of Tex. R. App. Proc. 9.2(b)(1) to send by United States Postal Service." But that requirement is not optional. Like the federal taxpayers in *Petrulis* and *Pugsley*, appellant argues that the mailbox rule should not be confined to U.S. Postal Service mailboxes, but should include any private courier or delivery system that delivers the documents within ten days.[24] Appellant argues that a mailbox rule that applies only to documents deposited in the U.S. mail is "archaic and to hold otherwise [would] frustrate the purpose clearly embodied in the rule." But, as noted above, the "timely mailed, timely filed" mailbox rule provides a very specific means by which those who cannot

---

[23] *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam) ("If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal."); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.").

[24] *See Petrulis*, 938 F.2d at 81 (rejecting taxpayers' complaint that "mailbox rule" is "bad law" given the "acceptable alternatives to the U.S. Postal Service available today"; noting that only "Congress can rewrite the law to include documents delivered by private carrier services"); *Pugsley*, 749 F.2d at 693 ("It is apparent from the numerous references to 'United States mail' in the statutes and regulations that section 7502 is intended to apply only to mail delivered by the United States Postal Service and not also to items delivered by a private delivery system.").

timely deliver documents to a given government entity–such as courts or the Internal Revenue Service–in person may timely deliver them to another governmental entity (the United States Postal Service for most litigants or the prison system mailroom for *pro se* prisoners). If filings are timely delivered to that mailbox or mailroom, the filing citizen bears no blame for delays in the U.S. mail system so long as the document arrives within ten days of the filing date.

As times change, the rules governing acceptable delivery systems may change as well. Our appellate rules already provide for the delivery of documents by electronic means; perhaps they will be amended to provide for a "timely picked-up, timely filed" rule for private couriers.[25]  But courts must apply the rules that exist today. Those rules contain a "timely mailed, timely filed" mailbox rule that applies only to documents deposited with the United States Postal Service. Appellant did not comply with the plain, unambiguous rule, and so he did not invoke the jurisdiction of the appellate court.

We affirm the judgment of the court of appeals.

Delivered: June 20, 2012
Publish

---

[25] Perhaps Congress has declined to change the "timely mailed, timely filed" United States Postal Service mailbox rule for the Internal Revenue Service to one including private courier or delivery systems because there are thousands of such services scattered across the nation, ranging from giants like Federal Express and UPS to the little "Joe's Delivery Service" in Santa Fe Springs. Who would decide which private delivery systems are sufficiently reliable and traceable to come under a proposed "timely picked-up, timely filed" rule? With the advent of electronic filing, this issue may be moot.