# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00263-CR

**Isayah Alkenyon Griffin, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 258,681, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Isayah Alkenyon Griffin seeks to appeal the district court's order denying relief on a writ of habeas corpus entered on August 23, 2012. *See* Tex. Const. art. V, § 8; Tex. Code Crim. Proc. art. 11.05. The deadline for perfecting the appeal was September 24, 2012. *See* Tex. R. App. P. 26.2(a)(1) (providing that notice of appeal must be filed within thirty days after day trial court enters appealable order).[1] Griffin's notice of appeal was filed on April 15, 2013.

On April 19, 2013, Griffin filed a motion requesting an extension of time for filing notice of appeal in this Court. The rules of appellate procedure allow an appellate court to extend

---

[1] Where a timely motion for new trial has been filed, a defendant's notice of appeal must be filed within ninety days after the sentence is imposed or suspended in open court. *See* Tex. R. App. P. 26.2(a)(2). According to Griffin, he filed a motion for rehearing on November 14, 2012. However, because Griffin is appealing an order denying relief on a writ of habeas corpus, not a judgment of conviction, the motion is ineffective for purposes of extending appellate deadlines under rule 26.2. Furthermore, even if the motion were effective to extend Griffin's appellate deadlines, his deadline to file his notice of appeal would have been November 21, 2012.

the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the appellant (1) files the notice of appeal in the trial court and (2) files a motion for extension of time in the appellate court. Tex. R. App. P. 26.3. Here, both the notice of appeal and the motion for extension of time were filed more than fifteen days after the deadline for filing the notice of appeal and therefore were untimely. Consequently, we are without authority to extend the time to file the notice of appeal. The motion for extension of time is denied.

Griffin failed to timely file a notice of appeal in compliance with rule 26 of the Texas Rules of Appellate Procedure. Under these circumstances, we lack jurisdiction to dispose of this appeal in any manner other than by dismissing it for want of jurisdiction. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Dismissed for Want of Jurisdiction

Filed:   June 6, 2013

Do Not Publish