

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00398-CR

CHRISTOPHER JOHN TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No 4
Travis County, Texas
Trial Court No. D-1-DC-12-302018, Honorable Mike Denton, Presiding

May 19, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Christopher John Taylor filed a notice of appeal from his conviction for Violation of a Protective Order.[1] Appellant was required to file his notice of appeal with the clerk of the trial court no later than thirty days after sentence was imposed in open court. TEX. R. APP. P. 26.2(a)(1). Appellant's sentence was imposed on August 26, 2015. Appellant did not file his notice of appeal until September 28, 2015. Appellant concedes that his notice of appeal was filed "three days beyond the 30 day deadline." A timely

---

[1] Because the appeal was transferred from the Third Court of Appeals, we apply the precedent of that court where available should no controlling precedent from a higher court exist. See TEX. R. APP. P. 41.3.

notice of appeal is required to invoke this court's appellate jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If the notice is untimely, the court of appeals can take no action other than to dismiss the proceeding for lack of jurisdiction. *Id.* A court of appeals may extend the deadline to file a notice of appeal if, within fifteen days of the deadline for filing a notice of appeal, appellant files a notice of appeal in the trial court, and within that same fifteen day deadline files a proper motion to extend time to file a notice of appeal in the appellate court. TEX. R. APP. P. 26.3, *Castillo v. State*, 369 S.W.3d at 198 n.10. No such motion was filed with the appellate court in this case. Appellant's failure to timely file a notice of appeal prevents us from exercising jurisdiction over his appeal.[2]

We dismiss the appeal for want of jurisdiction.

Brian Quinn
Chief Justice

Do not publish.

---

[2] The appropriate vehicle for seeking an out-of-time appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).