

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00060-CR
No. 07-19-00061-CR
No. 07-19-00062-CR

JUAN MANUEL CHACON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court Nos. 72,775-D, 73,641-D, 73,642-D, Honorable Don Emerson, Presiding

March 11, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pursuant to a plea bargain agreement, appellant, Juan Manuel Chacon, was convicted of assault of a family or household member, enhanced,[1] and two counts of aggravated assault with a deadly weapon.[2]  He was sentenced to twenty years'

---

[1] TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b)(2)(A); 12.42(a) (West Supp. 2018).

[2] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

confinement for each offense, with the sentences to run concurrently. Appellant has filed a notice of appeal, proceeding pro se, challenging his convictions. We dismiss the appeals for want of jurisdiction and because appellant has no right of appeal.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

Appellant was sentenced on September 27, 2017. Because no motion for new trial was filed, a notice of appeal was due within thirty days after the sentences were imposed, by October 27, 2017. *See* TEX. R. APP. P. 26.2(a). Appellant did not file a notice of appeal until February 4, 2019. Accordingly, his untimely filed notice of appeal prevents this court from acquiring jurisdiction over the appeals.

Furthermore, the trial court's certifications of appellant's right of appeal certify that these are plea-bargain cases from which appellant has no right of appeal and that appellant has waived the right of appeal. We are required by appellate rule 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

2

By letter dated February 6, 2019, we notified appellant of the consequences of his late notice of appeal and the trial court's certifications and invited him to demonstrate other grounds for continuing the appeals.  Appellant did not respond to our letter.

Accordingly, we dismiss the appeals for want of jurisdiction and based on the trial court's certifications.

Per Curiam

Do not publish.