

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00266-CR

___

KERRANCE RAMONE BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 25,821-C (Counts I & II), Honorable Ana Estevez, Presiding

___

August 14, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Pursuant to a plea bargain agreement, appellant Kerrance Ramone Brown was convicted of manufacture or delivery of a controlled substance[1] and unlawful possession of a firearm by a felon.[2] The trial court sentenced appellant to thirty years' confinement for each offense, with the sentences to run concurrently. Appellant has filed a notice of

___

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (West 2017).

[2] TEX. PENAL CODE ANN. § 46.04 (West 2011).

appeal, pro se, challenging the convictions. We dismiss the appeal for want of jurisdiction and because appellant has no right of appeal.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

Appellant was sentenced on March 21, 2016. Because no motion for new trial was filed, his notice of appeal was due within thirty days of sentencing, by April 20, 2016. TEX. R. APP. P. 26.2(a)(1). Appellant did not file a notice of appeal until July 29, 2019. Accordingly, his untimely filed notice of appeal prevents this Court from acquiring jurisdiction over the appeal.

Furthermore, the *Trial Court's Certification of Defendant's Right of Appeal* certifies that this is a plea-bargain case from which appellant has no right of appeal and that appellant has waived the right of appeal. We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."

By letter dated July 31, 2019, this Court notified appellant of the consequences of his late notice of appeal and the trial court's certification and invited him to demonstrate

grounds for continuing the appeal.  Appellant has filed a response but has not established good cause for continuing this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction and based on the trial court's certification.

Per Curiam

Do not publish.