

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00262-CR

BILLY SMART, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 75,720-B, Honorable Richard Dambold, Presiding

August 16, 2019

## MEMORANDUM OPINION

### Before CAMPBELL and PIRTLE and PARKER, JJ.

Pursuant to a plea bargain agreement, appellant Billy Smart was convicted of possession of a deadly weapon in a penal institution[1] and sentenced to six years' confinement. Appellant has filed a notice of appeal, pro se, challenging the conviction. We dismiss the appeal for want of jurisdiction.

---

[1] TEX. PENAL CODE ANN. § 46.10 (West 2011).

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). We may extend the deadline to file a notice of appeal if, within fifteen days of the deadline, the appellant files a notice of appeal and a motion for an extension of time. TEX. R. APP. P. 26.3. If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

Appellant was sentenced on April 25, 2019. Because no motion for new trial was filed, his notice of appeal was due within thirty days of sentencing, by May 28, 2019. TEX. R. APP. P. 26.2(a)(1), 4.1(a). Appellant did not file a notice of appeal until July 19, 2019.

By letter dated July 23, 2019, this Court notified appellant that the notice of appeal appeared to have been filed untimely and directed appellant to show why the Court has jurisdiction by August 6. Appellant has not responded to the Court's letter to date.

Because appellant's untimely filed notice of appeal prevents this Court from acquiring jurisdiction, we dismiss the appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Further, the trial court's certification of appellant's right of appeal indicates that appellant has waived the right of appeal. We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."