

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00419-CR

---

DANIEL RANGEL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2016-409,805, Honorable William R. Eichman II, Presiding

---

January 7, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant Daniel Rangel was placed on deferred adjudication community supervision for the offense of aggravated assault with a deadly weapon.[1] The trial court later adjudicated appellant guilty of the offense and sentenced him to twenty years' confinement. Appellant appeals his adjudication of guilt and sentencing. We dismiss the appeal for want of jurisdiction.

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2019).

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). We may extend the deadline to file a notice of appeal if, within fifteen days of the deadline, the appellant files a notice of appeal and a motion for an extension of time. TEX. R. APP. P. 26.3. If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

Appellant was sentenced on October 4, 2019. Because no motion for new trial was filed, his notice of appeal was due within thirty days of sentencing, by November 4, 2019. TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant filed a notice of appeal on November 20, 2019. By letter of December 3, 2019, this Court notified appellant that the notice of appeal appeared to have been filed untimely and directed him to show why the Court has jurisdiction by December 16. Appellant has not responded to the Court's letter to date.

Because appellant's untimely filed notice of appeal prevents this Court from acquiring jurisdiction, we dismiss the appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).