

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-20-00056-CR

_____

CIPRIANA QUERIDA WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 6500; Honorable Stuart Messer, Presiding

February 21, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pursuant to a plea-bargain agreement, Appellant, Cipriana Querida Williams, was placed on deferred adjudication community supervision for six years for possession of marijuana[1] and assessed a $6,000 fine. Appellant has filed a notice of appeal, proceeding

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5) (West 2017).

*pro se*, from the trial court's order of deferred adjudication. We dismiss the appeal for want of jurisdiction and because Appellant has no right of appeal.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction. *Id.*

The trial court signed the order of deferred adjudication on December 11, 2018. Because no motion for new trial was filed, Appellant's notice of appeal was due by January 10, 2019. TEX. R. APP. P. 26.2(a). Appellant did not file a notice of appeal until January 14, 2020. Accordingly, her untimely filed notice of appeal prevents this court from acquiring jurisdiction over the appeal.

Furthermore, the trial court's certification of Appellant's right of appeal indicates that Appellant has waived her right of appeal. We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."

By letter of January 17, 2020, this court notified Appellant of the consequences of her late notice of appeal and the trial court's certification and invited her to demonstrate grounds for continuing the appeal by January 31. Appellant did not file a response to the court's letter.

2

Accordingly, we dismiss the appeal for want of jurisdiction and based on the trial court's certification indicating appellant has no right of appeal.

Per Curiam

Do not publish.