

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00275-CR

ZACHARY WADE SKINNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 11406, Honorable Phil Vanderpool, Presiding

November 17, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pursuant to a plea-bargain agreement, appellant Zachary Wade Skinner was convicted of unlawful use of a criminal instrument and sentenced to a year of confinement. Appellant has filed a notice of appeal, pro se, challenging his conviction. We dismiss the appeal for want of jurisdiction and because appellant has no right of appeal.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or within ninety days of sentencing if the defendant timely files a motion for new

trial.  TEX. R. APP. P. 26.2(a).  If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction.  *Castillo*, 369 S.W.3d at 198.

The trial court sentenced appellant on July 23, 2020.  Because no motion for new trial was filed, appellant's notice of appeal was due within thirty days, by August 24, 2020.  *See* TEX. R. APP. P. 26.2(a), 4.1(a).  Appellant did not file a notice of appeal until October 21, 2020.  Accordingly, his untimely filed notice of appeal prevents this court from acquiring jurisdiction over the appeal.

Furthermore, the trial court's certification of appellant's right of appeal indicates that this is a plea-bargain case with no right of appeal and that appellant has waived the right of appeal.  We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."

By letter of October 26, 2020, this court notified appellant of the consequences of his late notice of appeal and the trial court's certification and invited him to demonstrate grounds for continuing the appeal.  In response, appellant filed a motion seeking an extension of the deadline to perfect his appeal.  This court has no authority, however, to grant an out-of-time appeal. That authority rests with the Court of Criminal Appeals.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).  Additionally, appellant did not present an amended certification providing a right to appeal.

Accordingly, we deny appellant's motion for extension and dismiss this appeal for want of jurisdiction and based on the trial court's certification indicating appellant has no right of appeal.

Per Curiam

Do not publish.