**DISMISS and Opinion Filed January 6, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-01072-CR**
_____

**JENNIFER ANN ARNDT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 069897**

**MEMORANDUM OPINION**

Before Chief Justice Burns, Justice Myers, and Justice Pedersen, III
Opinion by Chief Justice Burns

Jennifer Ann Arndt filed a pro se notice of appeal on December 4, 2020. After

reviewing a copy of the judgment, we conclude we lack jurisdiction over the appeal.

A defendant perfects her appeal by timely filing a written notice of appeal

with the trial court clerk. *See* TEX. R. APP. P. 25.2(c). To be timely, the notice of

appeal must be filed within thirty days after the date sentence was imposed or within

ninety days after sentencing if the defendant timely filed a motion for new trial. *See*

TEX. R. APP. P. 26.2(a).  In the absence of a timely perfected notice of appeal, the

Court must dismiss the appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981S.W.2d 208, 210 (Tex. Crim. App. 1998).

In this case, the trial court entered judgment on July 3, 2019, making appellant's notice of appeal due on August 2, 2019. However, she filed her notice of appeal on December 4, 2020.

Because the notice of appeal is untimely, we lack jurisdiction and must dismiss this appeal.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
201072F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

JENNIFER ANN ARNDT, Appellant

No. 05-20-01072-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 069897.
Opinion delivered by Chief Justice
Burns. Justices Myers and Pedersen,
III participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want
of jurisdiction.

Judgment entered January 6, 2021