

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-21-00023-CR
_____

JO ANN NUNEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B20153-1602, Honorable Kregg Hukill, Presiding

February 10, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Jo Ann Nunez appeals the trial court's judgment adjudicating her guilty of the offense of harassment while in a correctional facility and sentencing her to five years' confinement, suspended in favor of community supervision. We dismiss the appeal for want of jurisdiction and because appellant has no right of appeal.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is

imposed or suspended or within ninety days if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

The trial court suspended appellant's sentence in favor of community supervision on September 23, 2020. Because appellant timely filed a motion for new trial, her notice of appeal was due within ninety days, by December 22, 2020. Appellant did not file a notice of appeal, however, until January 15, 2021. Accordingly, her untimely filed notice of appeal prevents this court from acquiring jurisdiction over the appeal.

Additionally, the trial court's certification of appellant's right of appeal indicates that this is a plea-bargain case with no right of appeal. We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."

By letter of January 21, 2021, we notified appellant of the consequences of her late notice of appeal and the trial court's certification and directed her to demonstrate grounds for continuing the appeal by February 1st. Appellant has filed no response to date.

Accordingly, we dismiss this appeal for want of jurisdiction and based on the trial court's certification.

Per Curiam

Do not publish.