

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-22-00070-CR
07-22-00071-CR
07-22-00072-CR

JOE CHRISTOPHER ZEPEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-14C-036, CR-13K-116, CR-13K-122, Honorable Roland D. Saul, Presiding

April 27, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant Joe Christopher Zepeda, proceeding pro se, appeals his convictions for assault[1] and failure to stop and render aid following a traffic accident.[2] Appellant was sentenced to fourteen years' confinement for each offense on November 3, 2016. Because no motion for new trial was filed, Appellant's notice of appeal was due within

---

[1] See TEX. PENAL CODE ANN. § 22.01.

[2] See TEX. TRANSP. CODE ANN. § 550.021.

thirty days after sentenced was imposed, by December 5, 2016. *See* TEX. R. APP. P. 4.1(a), 26.2(a) (requiring a notice of appeal to be filed within thirty days after sentence is imposed or within ninety days if the defendant timely files a motion for new trial). Appellant did not file a notice of appeal until March 14, 2022.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for want of jurisdiction. *Id.* By letter of March 15, 2022, we notified Appellant of the consequences of his late notice of appeal and directed him to show how we have jurisdiction over the appeals. Appellant has filed a response but failed to demonstrate grounds for continuing the appeals.

For these reasons, we dismiss the untimely appeals for want of jurisdiction.[3]

Per Curiam

Do not publish.

---

[3] Appellant may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the convictions being challenged were obtained, returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.