

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00278-CR
No. 07-22-00279-CR

**STEVEN VAUGHN GEOPFERT, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 181st District Court
Potter County, Texas
Trial Court Nos. 080625-B-CR & 081258-B-CR, Honorable Dan L. Schaap, Presiding

November 2, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Steven Vaughn Geopfert, proceeding pro se, appeals his convictions for manufacture or delivery of a controlled substance[1] and aggravated assault with a deadly weapon.[2] We dismiss the untimely appeals for want of jurisdiction and because Appellant has no right of appeal.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d).

[2] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In a criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or suspended or within ninety days if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

The trial court sentenced Appellant on April 21, 2022. Because no motion for new trial was filed, a notice of appeal was due within thirty days after sentencing, by May 23, 2022. *See* TEX. R. APP. P. 4.1(a), 26.2(a). Appellant filed a notice of appeal on October 6, 2022. Thus, Appellant's untimely notice of appeal prevents this Court from acquiring jurisdiction over the appeals.

Further, under Rule of Appellate Procedure 25.2(d), we are required to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Here, the trial court's certifications of Appellant's right of appeal indicate that these are plea-bargain cases with no right of appeal and that Appellant has waived the right of appeal. The certifications comport with the record before the Court, including the plea papers and waivers signed by Appellant.

By letter of October 11, 2022, we notified Appellant of the consequences of his late notice of appeal and the trial court's certifications and directed him to show how the Court has jurisdiction over the appeals. Appellant has filed a response but has not shown grounds for continuing the appeals.

Accordingly, we dismiss the appeals for want of jurisdiction and based on the trial court's certifications.

Per Curiam

Do not publish.