**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00408-CR**
_____

**ALBERT WENDELL SELLS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 19-33290**

_____

**MEMORANDUM OPINION**

On December 9, 2022, we notified the parties that the notice of appeal had been filed outside the time for which an extension of time may be granted for filing a notice of appeal. The appellant, Albert Wendell Sells, filed a Motion to Correct the Record. Sells argues his motion for new trial was overruled by operation of law on December 1, 2022. We deny the Motion to Correct the Record and dismiss the appeal.

1

The trial court sentenced Sells on August 4, 2022. Sells timely filed a motion for new trial on September 2, 2022. *See* Tex. R. App. P. 21.4(a). A trial court must rule on a motion for new trial within 75 days after imposing or suspending sentence. *See* Tex. R. App. P. 21.8(a). A motion for new trial is deemed denied when the period prescribed in Rule 21.8(a) expires. *See* Tex. R. App. P. 21.8(c). Sells's motion for new trial was overruled by operation of law well before December 1, 2022.

When a defendant appeals from a conviction in a criminal case, the time to file a notice of appeal runs from the date sentence is imposed or suspended in open court. *See* Tex. R. App. P. 26.2(a). The notice of appeal must be filed "within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial." *Id.* Sells filed a notice of appeal on November 30, 2022, more than 90 days after the date the trial court imposed the sentence.

An appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the defendant files a notice of appeal in the trial court and files a motion for extension of time in the appellate court. *See* Tex. R. App. P. 26.3. Sells failed to file a notice of appeal and a motion for an extension of time within the time permitted by the rule. *See id.*

"Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). "If a notice of appeal is not timely filed, the court of appeals has no option but to

dismiss the appeal for lack of jurisdiction." *Id*. Sells did not file a notice of appeal within the time permitted by Rule 26. He does not argue that he obtained an out-of-time appeal from the Court of Criminal Appeals. We dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on January 31, 2023
Opinion Delivered February 1, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.