In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00058-CR**
_____

**LAWRENCE PAUL DAVENPORT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-02-02517-CR**

**MEMORANDUM OPINION**

The trial court sentenced Lawrence Paul Davenport on October 10, 2023. Davenport did not file a motion for new trial within 30 days after the date in which the trial court imposed sentence. *See* Tex. R. App. P. 21.4(a). Notice of appeal was due to be filed on November 9, 2023. Davenport's time for filing a motion for extension of time to perfect his appeal expired on November 27, 2023. On December 19, 2023, the District Clerk received and filed a pro se notice of appeal dated December 13, 2023. On February 21, 2024, the Clerk of the Court notified the parties

1

that the notice of appeal has been filed outside the time for which an extension of time may be granted for filing notice of appeal, and warned the parties that the appeal would be dismissed unless grounds were shown for continuing the appeal. Davenport, through his appointed appellate counsel, obtained additional time to respond to the Clerk's notice, but Davenport did not file a response that identifies a valid basis for this Court to exercise appellate jurisdiction over his appeal.

When a defendant appeals from a conviction in a criminal case, the time to file a notice of appeal runs from the date sentence is imposed or suspended in open court. *See* Tex. R. App. P. 26.2(a). An appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the defendant files a notice of appeal in the trial court and files a motion for extension of time in the appellate court. *See* Tex. R. App. P. 26.3. Davenport failed to file a notice of appeal and a motion for an extension of time within the time permitted by the rule. *See id.*

"Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). "If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Id*. Davenport does not argue that he obtained an out-of-time appeal from the Court of Criminal Appeals. We dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

2

APPEAL DISMISSED.

PER CURIAM

Submitted on April 30, 2024
Opinion Delivered May 1, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.