

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00131-CV

_____

IN RE JOHNATHAN COOPER, Relator

---

Original Proceeding
297th District Court of Tarrant County, Texas
Trial Court No. 1031532D

---

Before the En Banc Court
Per Curiam Memorandum Opinion and Order on Second Motion for En Banc
Reconsideration

**MEMORANDUM OPINION AND ORDER ON SECOND MOTION FOR EN BANC RECONSIDERATION**

The court has before it Relator's May 24, 2024 "Objection to Opinion Issued May 16, 2024." Procedurally, we will treat Relator's "Objection" as a second motion for en banc reconsideration. *See* Tex. R. App. P. 49.6.

In our May 16, 2024 opinion, we declined to apply the mailbox rule to Relator's April 26, 2024 motion for en banc reconsideration because its postmark was late. *See* Tex. R. App. P. 9.2(b); Tex. R. Civ. P. 5 (focusing on postmark). Based on our plenary jurisdiction, we nevertheless reviewed Relator's April 26, 2024 motion for en banc reconsideration on its merits and denied it. *See* Tex. R. App. P. 19.1. We did not refuse to consider Relator's motion based on any noncompliance with the mailbox rule.

In Relator's "Objection," he asserts that we should have applied the mailbox rule because—although his correspondence was not postmarked until April 22, 2024—he gave it to prison officials to mail on April 15, 2024. Relator contends that the date that he gave his correspondence to prison officials to mail is the dispositive date for purposes of the mailbox rule. *See Castillo v. State*, 369 S.W.3d 196, 199 n.14 (Tex. Crim. App. 2012); *Vafaiyan v. State*, No. 13-18-00352-CV, 2019 WL 3820418, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2019, no pet.) (mem. op., not designated for publication). Under *Castillo*, we agree that Relator's April 26, 2024 motion for en banc consideration was timely under the mailbox rule. *See* Tex. R. App.

P. 9.2(b); Tex. R. Civ. P. 5; *Castillo*, 369 S.W.3d at 199 n.14. Applying *Castillo* and the mailbox rule resolves any reservations that we had about asserting jurisdiction over the merits of Relator's motion.

As for Relator's "Objection," we treat it as a second motion for en banc reconsideration and deny it. *See* Tex. R. App. P. 49.6.

Per Curiam

Delivered: June 13, 2024