

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00073-CR

---

CULLEN CHRISTOPHER BENNERT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 080106-D-CR, Honorable Pamela C. Sirmon, Presiding

---

March 10, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Cullen Christopher Bennert, proceeding pro se, appeals from the trial court's order placing him on deferred adjudication community supervision for seven years for the offense of aggravated assault.[1]  We dismiss the untimely appeal for want of jurisdiction and because Appellant has no right of appeal.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In criminal cases, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court, or within thirty days after the trial court enters an appealable order. TEX. R. APP. P. 26.2(a). This deadline is extended to ninety days if the defendant timely files a motion for new trial. *Id.* If the notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

The trial court signed the order of deferred adjudication on November 10, 2021. Because no motion for new trial was filed, a notice of appeal was due within thirty days after sentencing, by December 10, 2021. *See* TEX. R. APP. P. 26.2(a). Appellant filed a notice of appeal on February 5, 2025. Appellant's untimely notice of appeal, thus, prevents this Court from acquiring jurisdiction over the appeal.

Further, under Rule of Appellate Procedure 25.2(d), we are required to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Here, the trial court's certification of Appellant's right of appeal indicates that this is a plea-bargain case with no right of appeal and that Appellant has waived the right of appeal. The certification comports with the record before the Court.

By letter of February 7, 2025, we notified Appellant of the consequences of his late notice of appeal and the trial court's certification and directed him to show how the Court has jurisdiction over the appeal by February 21. Appellant has not filed a response or had any further communication with this Court to date.

Accordingly, we dismiss the appeal for want of jurisdiction and based on the trial court's certification.

Per Curiam