**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00170-CR**
_____

**RUBEN VARGAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 23-03-03505**

**MEMORANDUM OPINION**

On February 26, 2025, the trial court sentenced Ruben Vargas in Trial Cause

Number 23-03-03505. Vargas did not file a motion for new trial within 30 days after

the date on which the trial court imposed sentence in Trial Cause Number 23-03-

03505.[1] *See* Tex. R. App. P. 21.4(a). Notice of appeal was due to be filed on March

---

[1]We note that Vargas timely filed a motion for new trial in Trial Cause Number 23-08-11856. That appeal has been docketed as Appeal Number 09-25-00171-CR, *Ruben Vargas v. State* and remains pending.

1

28, 2025. Vargas's time for filing a motion for extension of time to perfect his appeal expired on April 14, 2025. On May 8, 2025, the District Clerk received and filed notice of appeal for Trial Cause Number 23-03-03505.

On May 13, 2025, the Clerk of the Court notified the parties that the notice of appeal had been filed outside the time for which an extension of time may be granted for filing notice of appeal and warned the parties that the appeal would be dismissed unless grounds were shown for continuing the appeal. Vargas did not respond to the Clerk's notice.

When a defendant appeals from a conviction in a criminal case, the time to file a notice of appeal runs from the date sentence is imposed or suspended in open court. *See id*. 26.2(a). An appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the defendant files a notice of appeal in the trial court and files a motion for extension of time in the appellate court. *See id*. 26.3. Vargas failed to file a notice of appeal and a motion for an extension of time within the time permitted by the rule. *See id*.

"Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). "If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Id*. Vargas does not argue that he

2

obtained an out-of-time appeal from the Court of Criminal Appeals. We dismiss the appeal for lack of jurisdiction. *See id*. 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on June 3, 2025
Opinion Delivered June 4, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.