

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-26-00006-CR
_____

ZACHERY RENE LAMAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B21040-1903, Honorable Kregg Hukill, Presiding

February 6, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Zachery Rene Lamas, proceeding pro se, appeals his conviction for sexual assault of a child[1] and sentence to seventeen years of confinement. We dismiss the untimely appeal for want of jurisdiction.

The trial court sentenced Appellant on January 27, 2022. Because Appellant did not file a motion for new trial, his notice of appeal was due within thirty days after sentence

_____

[1] *See* TEX. PENAL CODE § 22.011(a)(2).

was imposed, by February 28, 2022.  *See* TEX. R. APP. P. 21.4(a), 26.2(a)(1). Appellant filed a notice of appeal with the Clerk of this Court on January 2, 2026.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal.  *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).  If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction.  *Id*.  By letter of January 7, 2026, we notified Appellant of the consequences of his late notice of appeal and directed him to show how the Court has jurisdiction over the appeal by January 20, 2026.  To date, Appellant has not filed a response demonstrating grounds for continuing the appeal.

Because Appellant's untimely notice of appeal prevents this Court from acquiring jurisdiction over the appeal, we dismiss the appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* TEX. CODE CRIM. PROC. art. 11.07.