

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-26-00097-CR
_____

NICHOLAS CRAIG PERKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 30936C, Counts I and II; Honorable Ana Estevez, Presiding

March 5, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Nicholas Craig Perkins, proceeding pro se, appeals his convictions for burglary of a habitation[1] and aggravated kidnapping.[2]  The trial court imposed concurrent sentences of eight years' confinement for burglary and twelve years' confinement for aggravated kidnapping.  We dismiss the untimely appeal for want of jurisdiction.

---

[1] See TEX. PENAL CODE § 30.02.

[2] See TEX. PENAL CODE § 20.04.

The trial court sentenced Appellant on June 14, 2021. Because Appellant did not file a motion for new trial, his notice of appeal was due within thirty days after sentence was imposed, by July 14, 2021. *See* TEX. R. APP. P. 26.2(a)(1). Appellant filed a notice of appeal on February 18, 2026.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction. *Id.* By letter of February 19, 2026, we notified Appellant of the consequences of his late notice of appeal and directed him to show how the Court has jurisdiction over the appeal. Although Appellant has filed a response, he has not demonstrated grounds for continuing the appeal.

Because Appellant's untimely notice of appeal prevents this Court from acquiring jurisdiction over the appeal, we dismiss the appeal for want of jurisdiction.[3]

Per Curiam

Do not publish.

---

[3] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. art. 11.07.