# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00155-CR

**Ryan M. Carranza, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-06-513-C, THE HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ryan M. Carranza has filed a notice of appeal from a judgment revoking community supervision for the offense of assault of a public servant. *See* Tex. Penal Code § 22.01. This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2 of the Texas Rules of Appellate Procedure provides that an appeal is perfected in a criminal case when a notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court or within ninety days after sentencing, if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a)(1)-(2).

In this case, the trial court imposed sentence on November 18, 2019, and Carranza timely filed a motion for new trial on December 17, 2019. *See* R. 21.4(a) (motion for new trial must be filed no later than thirty days after date trial court imposes or suspends sentence in open

court).  Consequently, Carranza's deadline to file his notice of appeal was February 18, 2020, and Carranza filed his notice of appeal on February 21, 2020.

Absent a timely filed notice of appeal, we lack jurisdiction to dispose of this appeal in any manner other than dismissing it for want of jurisdiction.  *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).  Accordingly, we dismiss the appeal for want of jurisdiction.[1]

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:   April 30, 2020

Do Not Publish

---

[1]  The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* Tex. Code Crim. Proc. art. 11.07.