

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00156-CR

RICKY MORRISON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2007-417,356, Honorable Cecil G. Puryear, Presiding

August 6, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Ricky Morrison, appearing pro se, appeals his conviction for aggravated sexual assault[1] and sentence to fifty years' confinement. We dismiss the purported appeal for want of jurisdiction.[2]

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(1) (West 2019).

[2] Appellant previously appealed his conviction which we affirmed in *Morrison v. State*, No. 07-07-00401-CR, 2010 Tex. App. LEXIS 1165, at *18 (Tex. App.—Amarillo Feb. 18, 2010, pet. ref'd) (mem. op., not designated for publication).

The trial court sentenced Appellant on September 7, 2007. Because Appellant did not timely file a motion for new trial, his notice of appeal was due within thirty days after sentence was imposed, i.e., by October 8, 2007. *See* TEX. R. APP. P. 4.1(a), 26.2(a). Appellant filed a notice of appeal on June 24, 2020.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, a court of appeals has no option but to dismiss the appeal for want of jurisdiction. *Id.* Further, this court has no authority to invoke Rule 2 of the Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Because Appellant's notice of appeal was untimely filed, we have no jurisdiction over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction.

Per Curiam

Do not publish.