**DISMISS and Opinion Filed January 12, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01177-CR**

**CHAMEL ANDERSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F09-56401-U**

**MEMORANDUM OPINION**

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Chamel Anderson was found guilty and sentenced for aggravated assault with a deadly weapon. She appealed and, after the record and briefs were filed, we issued a memorandum opinion affirming the trial court's judgment. *See Anderson v. State*, No. 05-12-01341-CR, 2013 WL 6229542, at 2* (Tex. App.—Dallas Dec. 2, 2013, no pet.). Appellant later filed an application for a writ of habeas corpus raising, among other things, ineffective assistance of counsel. The Texas Court of Criminal Appeals ordered a hearing in the trial court, and after reviewing the record from the hearing, denied appellant's application for writ of habeas corpus on October 19, 2016.

On December 13, 2021, Chamel Anderson filed a document entitled "Ineffective Council [sic] Motion to Appeal" with the Dallas County District Clerk. That document was forwarded to this Court on December 31, 2021. It appears appellant is again seeking to challenge her August 2012 adjudication of guilt. We dismiss this appeal for want of jurisdiction.

A defendant perfects her appeal by timely filing a written notice of appeal with the trial court clerk. *See* TEX. R. APP. P. 25.2(c). To be timely, the notice of appeal must be filed within thirty days after the date sentence was imposed (or within ninety days if the defendant timely filed a motion for new trial). *See id*. 26.2(a). In the absence of a timely perfected notice of appeal, the Court must dismiss the appeal. *Ex parte Castillo*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Here, appellant was indicted for the second-degree offense of aggravated assault with a deadly weapon and was placed on deferred adjudication for five years. Although the terms of appellant's community supervisions were modified several times, in May 2012, the State filed a motion to proceed with adjudication. On August 30, 2012, after appellant pleaded true to committing five violations, the trial court found appellant guilty and sentenced her to ten years in prison.

Appellant filed a September 2012 notice of appeal following the August 2012 judgment, and this Court affirmed her conviction on direct appeal. Appellant's

December 13, 2021 "Motion to Appeal" is untimely. Furthermore, the issues she

appears to raise have already been addressed by the Texas Court of Criminal Appeals

in her post-conviction writ of habeas corpus.

    For these reasons, we dismiss this appeal for want of jurisdiction.


                                        /David J. Schenck/
                                        DAVID J. SCHENCK

Do Not Publish                       JUSTICE
TEX. R. APP. P. 47.2(b)
211177F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHAMEL ANDERSON, Appellant

No. 05-21-01177-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-56401-U.
Opinion delivered by Justice Schenck. Justices Osborne and Partida-Kipness participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

Judgment entered January 12, 2022