

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00275-CR

---

**JAMES BATES, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2021-423,086, Honorable John J. "Trey" McClendon III, Presiding

---

November 2, 2022

## MEMORANDUM OPINION

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, James Bates, appeals his conviction for continuous sexual abuse of a child[1] and sentence to fifty years' confinement.  We dismiss the untimely appeal for want of jurisdiction and because Appellant has no right of appeal.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal.  *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).  In a

---

[1] *See* TEX. PENAL CODE ANN. § 21.02.

criminal case, the notice of appeal must be filed within thirty days after sentence is imposed or suspended or within ninety days if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

The trial court sentenced Appellant on October 15, 2021. Because no motion for new trial was filed, a notice of appeal was due within thirty days after sentencing, by November 15, 2021. *See* TEX. R. APP. P. 4.1(a), 26.2(a). Appellant filed a notice of appeal on September 30, 2022. Thus, Appellant's untimely notice of appeal prevents this Court from acquiring jurisdiction over the appeal.

Further, under Rule of Appellate Procedure 25.2(d), we are required to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Here, the trial court's certification of Appellant's right of appeal indicates that this is a plea-bargain case with no right of appeal and that Appellant has waived the right of appeal. The certification comports with the record before the Court.

By letter of October 4, 2022, we notified Appellant of the consequences of his late notice of appeal and the trial court's certification and directed him to show how the Court has jurisdiction over the appeal by October 14. Appellant has not filed a response or had any further communication with this Court to date.

Accordingly, we dismiss the appeal for want of jurisdiction and based on the trial court's certification.

Per Curiam

Do not publish.

2