

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00284-CR

---

**ARTHUR TORREZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-1436, Honorable William R. Eichman II, Presiding

---

January 4, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Arthur Torrez, appeals his conviction for aggravated assault[1] and sentence to thirty years' confinement. We dismiss the untimely appeal for want of jurisdiction.

The trial court sentenced appellant on August 10, 2022. That resulted in appellant filing a notice of appeal on October 18, 2022. Normally, such a notice must be filed within

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(b)(1).

thirty days of sentencing or ninety days of moving for a new trial. *See* TEX. R. APP. P. 26.2(a) (specifying the deadlines by which to file the requisite notice). Appellant moved for new trial here but did so three days after the deadline specified in Rule 21.4(a) of the Rules of Appellate Procedure. *See* TEX. R. APP. P. 21.4(a) (stating that a defendant may file a motion for new trial before, but no later than thirty days after, the date on which the trial court imposes or suspends sentence in open court). His motion for new trial being untimely, it failed to extend the usual thirty-day deadline by which to perfect an appeal. That means the October 18th notice also was untimely.

A timely notice of appeal is a jurisdictional prerequisite. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If untimely, we have no option but to dismiss the appeal for want of jurisdiction. *Id*. By letter dated December 1, 2022, we notified appellant of the circumstances involved at bar and directed him to show how we have jurisdiction over his appeal. His response was due December 12, 2022. That date lapsed, and no response has been received to date. Given this and the belated notice of appeal, we dismiss the appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.