**DISMISS and Opinion Filed April 4, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-23-00287-CR
No. 05-23-00288-CR

**TIMOTHY LEE GRAHAM, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-83454-2021, 416-83455-2021**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Smith, and Breedlove
Opinion by Justice Breedlove

Appellant appeals his convictions for unlawful possession of a firearm by a felon and aggravated assault with a deadly weapon. The record demonstrates we lack jurisdiction over these appeals because the notices of appeal were not timely filed. Accordingly, we dismiss the appeals for want of jurisdiction.

A defendant perfects his appeal by timely filing a written notice of appeal with the trial court clerk. *See* TEX. R. APP. P. 25.2(c). To be timely, the notice of appeal must be filed within thirty days after the date sentence was imposed or within ninety days after sentencing if the defendant timely filed a motion for new trial. *See* TEX.

R. APP. P. 26.2(a). The rules of appellate procedure allow the time to file a notice of appeal to be extended if the party files, within fifteen days of the filing deadline, the notice of appeal in the trial court and a motion to extend the time to file the notice of appeal in the court of appeals. *See* TEX. R. APP. P. 10.5(b), 26.3. In the absence of a timely perfected notice of appeal, the Court must dismiss the appeal for lack of jurisdiction. *Ex parte Castillo*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Here, the trial court imposed sentence on August 31, 2022. Appellant did not move for a new trial, so the notices of appeal were due September 30, 2022. Any motion to extend the time to file the notice of appeal would have been due on or before October 17, 2022. Even if appellant had filed a motion for new trial, the latest the notices of appeal would have been due with a motion for new trial and a motion for extension of time to file the notice of appeal was December 14, 2022. Appellant's notices of appeal were dated March 3, 2023, and they were filed in the trial court on March 27, 2023. Thus, appellant's notices of appeal are not timely, and we lack jurisdiction over these appeals. *Ex parte Castillo*, 369 S.W.3d at 198.

We dismiss these appeals for want of jurisdiction.

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230287F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIMOTHY LEE GRAHAM,
Appellant

No. 05-23-00287-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-83454-
2021.
Opinion delivered by Justice
Breedlove. Justices Partida-Kipness
and Smith participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

Judgment entered April 4, 2023.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TIMOTHY LEE GRAHAM,
Appellant

No. 05-23-00288-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-83455-2021.
Opinion delivered by Justice
Breedlove. Justices Partida-Kipness
and Smith participating.

Based on the Court's opinion of this date, this appeal is **DISMISSED** for want of jurisdiction.

Judgment entered April 4, 2023.