

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00188-CR
No. 07-23-00189-CR
No. 07-23-00190-CR

**MICHAEL DENTON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 31st District Court
Roberts County, Texas
Trial Court No. 772, 774, 775, Honorable Steven Ray Emmert, Presiding

May 19, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Pursuant to a plea-bargain agreement, Appellant, Michael Denton, was convicted of continuous violence against a family member[1] and two counts of tampering with a witness.[2] The trial court sentenced Appellant to concurrent sentences of fourteen years'

---

[1] *See* TEX. PENAL CODE ANN. § 25.11(e).

[2] *See* TEX. PENAL CODE ANN. § 36.05(e-1).

confinement. Appellant now appeals his convictions, proceeding pro se. We dismiss the untimely appeals for want of jurisdiction and because Appellant has no right of appeal.

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); TEX. R. APP. P. 26.2(a). If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

Here, the trial court sentenced Appellant on March 23, 2022. Because no motion for new trial was filed, a notice of appeal was due within thirty days after sentencing, by April 22, 2022. *See* TEX. R. APP. P. 26.2(a). Appellant filed a notice of appeal over a year later, on May 4, 2023, with a motion for an extension of time to file the late appeals. This Court does not have the authority to grant such a request. *See* TEX. R. APP. P. 26.3 (authorizing appellate courts to grant a fifteen-day extension to file a notice of appeal). Instead, Appellant may seek an out-of-time appeal by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. Because we cannot grant Appellant's requested extension, we deny his motion and must dismiss his appeals for want of jurisdiction.

Furthermore, under Rule of Appellate Procedure 25.2(d), we are required to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." The trial court's certifications of Appellant's right of appeal indicate that these are plea-bargain cases with no right of appeal and that Appellant has waived the right of appeal.

2

Accordingly, we dismiss Appellant's appeals for want of jurisdiction and based on the trial court's certifications.

Per Curiam

Do not publish.