

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00245-CR

_____

KENNETH SHED, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CR-1018 (Counts I – VII), Honorable Douglas H. Freitag, Presiding

July 31, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Kenneth Shed, appeals his convictions for indecency with a child,[1] sexual assault of a child (three counts),[2] and aggravated sexual assault of a child (three counts).[3] We dismiss the untimely appeal for want of jurisdiction.

---

[1] See TEX. PENAL CODE ANN. § 21.11(a)(1).

[2] See TEX. PENAL CODE ANN. § 22.011(a)(2).

[3] See TEX. PENAL CODE ANN. § 22.021(a)(2)(b).

On June 2, 2023, the trial court sentenced Appellant to seven concurrent life sentences. Appellant's motion for new trial was due within thirty days of sentencing, by July 3, 2023. *See* TEX. R. APP. P. 4.1(a), 21.4(a). Appellant filed a motion for new trial on July 5, 2023. Because the motion for new trial was not timely filed, it did not extend Appellant's deadline to file a notice of appeal. *See* TEX. R. APP. P. 26.2(a) (requiring a notice of appeal to be filed within thirty days after sentencing or within ninety days if a timely motion for new trial is filed). As a result, Appellant's notice of appeal was due within thirty days after sentence was imposed, by July 3, 2023. *See* TEX. R. APP. P. 26.2(a)(1). Appellant filed a notice of appeal on July 5, 2023, without filing a motion for an extension of time. *See* TEX. R. APP. P. 10.5(b), 26.3 (permitting an appellate court to extend the appellate deadline by fifteen days if a motion for extension is filed that reasonably explains the need for an extension).

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, an appellate court has no option but to dismiss the appeal for want of jurisdiction. *Id.* By letter of July 10, 2023, we notified Appellant of the consequences of his late notice of appeal and directed him to file a motion for an extension of time within the fifteen-day extension period under Rule 26.3, i.e. before July 18, or the appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 26.3; *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (en banc) ("When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than

by dismissing it for lack of jurisdiction.").  Appellant has not filed a motion for an extension of time and has had no further communication with this Court to date.

Because Appellant's untimely notice of appeal prevents this Court from acquiring jurisdiction over the appeal, we dismiss the appeal for want of jurisdiction.[4]

Per Curiam

Do not publish.

---

[4] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.