**Dismissed and Opinion Filed November 28, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01004-CR**

**No. 05-23-01005-CR**

**MANUEL OTIS MIRANDA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause Nos. 28412, 28413**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

Appellant appeals the judgment adjudicating his guilt for aggravated assault and the judgment revoking his community supervision for retaliation. The appellate records demonstrate we lack jurisdiction over these appeals because the notices of appeal were not timely filed. Accordingly, we dismiss the appeals for want of jurisdiction.

A defendant perfects his appeal by timely filing a written notice of appeal with the trial court clerk. *See* TEX. R. APP. P. 25.2(c). To be timely, the notice of appeal must be filed within thirty days after the date sentence was imposed or within ninety

days after sentencing if the defendant timely filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a). The rules of appellate procedure allow the time to file a notice of appeal to be extended if the party files, within fifteen days of the filing deadline, the notice of appeal in the trial court and a motion to extend the time to file the notice of appeal in the court of appeals. *See* TEX. R. APP. P. 10.5(b), 26.3. In the absence of a timely perfected notice of appeal, the Court must dismiss the appeal for want of jurisdiction. *Ex parte Castillo*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

Here, the judgments state the trial court imposed sentence on April 26, 2023. Therefore, appellant's notices of appeal were due May 26, 2023. Appellant filed the notices of appeal on October 10, 2023, 167 days after sentence was imposed. Appellant's notices of appeal were untimely, and we lack jurisdiction over these appeals. *Ex parte Castillo*, 369 S.W.3d at 198.

On November 1, 2023, we sent appellant's counsel a letter requesting her to file by November 13, 2023, a letter brief discussing whether this Court has jurisdiction over appellant's appeals. However, no jurisdictional letter brief has been filed.

We dismiss these appeals for want of jurisdiction.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

231004f.u05
231005f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MANUEL OTIS MIRANDA,
Appellant

No. 05-23-01004-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 28412.
Opinion delivered by Justice Nowell.
Justices Miskel and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **DISMISSED** for want of jurisdiction.

Judgment entered this 28th day of November, 2023.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MANUEL OTIS MIRANDA,
Appellant

No. 05-23-01005-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 28413.
Opinion delivered by Justice Nowell.
Justices Miskel and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **DISMISSED** for want of jurisdiction.

Judgment entered this 28th day of November, 2023.