In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00383-CR**
_____

**TED DARWIN MOORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-10-13402-CR**

_____

**MEMORANDUM OPINION**

The trial court sentenced Ted Darwin Moore on October 10, 2023. Moore did not file a motion for new trial. Notice of appeal was due to be filed on November 9, 2023. *See* Tex. R. App. P. 26.2(a)(1). His time for filing a motion for an extension of time to perfect his appeal expired on November 27, 2023. *See* Tex. R. App. P. 4.1(a), 26.3. Moore filed a notice of appeal on December 5, 2023, more than 30 days after the date the trial court imposed the sentence. On December 7, 2023, Clerk of the Court notified the parties that the notice of appeal had been filed outside the time

1

for which an extension of time may be granted for filing a notice of appeal, and warned the parties that the appeal would be dismissed unless grounds were shown for continuing the appeal by December 22, 2023. On December 22, 2023, Moore filed a motion for extension of time to file notice of appeal on the ground that at the time the notice was due his counsel was unable to comply with the deadline due to ongoing health issues.

When a defendant appeals from a conviction in a criminal case, the time to file a notice of appeal runs from the date sentence is imposed or suspended in open court. *See* Tex. R. App. P. 26.2(a). An appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the defendant files a notice of appeal in the trial court and files a motion for extension of time in the appellate court. *See* Tex. R. App. P. 26.3. Moore failed to file a notice of appeal and a motion for an extension of time within the time permitted by the rule. *See id*.

"Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). "If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Id*. Moore does not argue that he obtained an out-of-time appeal from the Court of Criminal Appeals. We deny the motion for

leave to file notice of appeal as untimely filed and we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on January 30, 2024
Opinion Delivered January 31, 2024
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.