

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00236-CR
No. 07-24-00237-CR

**VICTOR MORENO, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court Nos. A-4582-16-02 & A-4583-16-02, Honorable Kregg Hukill, Presiding

July 19, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Victor Moreno, appearing pro se, appeals his convictions for aggravated assault with a deadly weapon[1] and burglary of a building.[2] The trial court sentenced Appellant to thirty years of confinement for aggravated assault and to two years of

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2).

[2] TEX. PENAL CODE ANN. § 30.02(c)(1).

confinement for burglary, with the sentences to run concurrently. We dismiss the purported appeals for want of jurisdiction.

The trial court sentenced Appellant on July 27, 2016. Because Appellant did not timely file a motion for new trial, his notice of appeal was due within thirty days after sentence was imposed, i.e., by August 26, 2016. *See* TEX. R. APP. P. 26.2(a). Appellant filed a notice of appeal with this Court on July 9, 2024.[3]

The timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). If a notice of appeal is not timely filed, a court of appeals has no option but to dismiss the appeal for want of jurisdiction. *Id.* Further, this Court has no authority to invoke Rule 2 of the Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Because Appellant's notice of appeal was filed untimely, we have no jurisdiction over the appeals. Accordingly, we dismiss the appeals for want of jurisdiction.[4]

Per Curiam

Do not publish.

---

[3] Appellant previously attempted to appeal his convictions in 2018, but we dismissed the appeals for want of jurisdiction because Appellant's notice of appeal was filed untimely. *Moreno v. State*, Nos. 07-18-00123-CR, 07-18-00124-CR, 2018 Tex. App. LEXIS 2948, at *1–2 (Tex. App.—Amarillo Apr. 25, 2018, no pet.) (per curiam) (mem. op., not designated for publication). On July 9, 2024, Appellant filed a letter and "Affidavit" with the Clerk of this Court requesting an appeal from both cases. Accordingly, we have construed the documents as a notice of appeal.

[4] Appellant may be entitled to relief by filing an application for writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.