

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00083-CR

---

JUSLET JOSEPH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 071285-B, Honorable John Board, Presiding

---

March 18, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Juslet Joseph, appeals his conviction for aggravated assault[1] and sentence to twenty-five years of confinement. We dismiss the untimely appeal for want of jurisdiction and because Appellant has no right of appeal.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(b)(1).

The trial court sentenced Appellant on February 13, 2017. Because no motion for new trial was filed, a notice of appeal was due within thirty days after sentencing, by March 15, 2017. *See* TEX. R. APP. P. 26.2(a) (requiring a notice of appeal in a criminal case to be filed within thirty days after sentence is imposed or within ninety days if the defendant timely files a motion for new trial). Appellant filed a notice of appeal on February 14, 2025. Appellant's untimely notice of appeal, thus, prevents this Court from acquiring jurisdiction over the appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) ("If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction.").

Further, under Rule of Appellate Procedure 25.2(d), we are required to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Here, the trial court's certification of Appellant's right of appeal indicates that this is a plea-bargain case with no right of appeal and that Appellant has waived the right of appeal. The certification comports with the record before the Court.

By letter of February 19, 2025, we notified Appellant of the consequences of his late notice of appeal and the trial court's certification and directed him to show how the Court has jurisdiction over the appeal. Appellant has filed a response but has not demonstrated grounds for continuing the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction and based on the trial court's certification.

Per Curiam

2