**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00092-CR**
**NO. 09-25-00093-CR**
**NO. 09-25-00094-CR**
_____

**TRACY DEAN WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 24-03-04723, 24-03-04725 and 24-03-04728**

**MEMORANDUM OPINION**

On January 16, 2025, the trial court sentenced Tracy Dean Williams in Trial Cause Numbers 24-03-04723, 24-03-04725, and 24-03-04728. Williams did not file motions for new trial within 30 days after the date on which the trial court imposed sentence. *See* Tex. R. App. P. 21.4(a). Notice of appeal was due to be filed on February 18, 2025. Williams's time for filing a motion for extension of time to perfect his appeals expired on March 5, 2025. On March 18, 2025, the District Clerk

1

received and filed notices of appeal for 24-03-04723, 24-03-04725, and 24-03-04728.

On March 21, 2025, the Clerk of the Court notified the parties that the notices of appeal had been filed outside the time for which an extension of time may be granted for filing notice of appeal and warned the parties that the appeals would be dismissed unless grounds were shown for continuing the appeals. Neither Williams nor the State responded to the Clerk's notice.

When a defendant appeals from a conviction in a criminal case, the time to file a notice of appeal runs from the date sentence is imposed or suspended in open court. *See* Tex. R. App. P. 26.2(a). An appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the defendant files a notice of appeal in the trial court and files a motion for extension of time in the appellate court. *See* Tex. R. App. P. 26.3. In each case, Williams failed to file a notice of appeal and a motion for an extension of time within the time permitted by the rule. *See id.*

"Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). "If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Id.* Williams does not argue that he

2

obtained out-of-time appeals from the Court of Criminal Appeals. We dismiss the appeals for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEALS DISMISSED.

PER CURIAM

Submitted on April 22, 2025
Opinion Delivered April 23, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.