# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00336-CR

---

**Christopher Tyler Bray, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. C-1-CR-22-501587, THE HONORABLE MARY ANN ESPIRITU, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury found appellant Christopher Tyler Bray guilty of the misdemeanor offense of indecent assault, and the trial court assessed his punishment at twenty-four days' confinement. *See* Tex. Penal Code § 22.012(a).

Because Bray's sentence was imposed on January 29, 2025, his deadline for filing a notice of appeal or motion for new trial was Friday, February 28, 2025. *See* Tex. R. App. P. 21.4(a) (providing that defendant "may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court"), 26.2(a)(1) (providing that "notice of appeal must be filed . . . within 30 days after the day sentence is imposed or suspended in open court" or "within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial").

Bray filed a pro se motion for new trial on March 3, 2025, and a pro se notice of appeal on May 12, 2025.[1]

Bray's notice of appeal was therefore untimely, and we have no discretion to do anything other than dismiss the appeal.[2] *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (explaining that "[a] notice of appeal which complies with the requirements of Tex. R. App. P. 26 is essential to vest the court of appeals with jurisdiction" and that if appeal is not timely perfected, "a court of appeals does not obtain jurisdiction to address the merits of the appeal" and "can take no action other than to dismiss the appeal"); *see also Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (noting that "one day is enough to deprive the appellate court of jurisdiction to consider appellant's appeal under the Texas Rules of Appellate Procedure").

Accordingly, we dismiss this appeal for want of jurisdiction.[3]

---

[1] The trial court appointed counsel to represent to Bray at trial. No motion to withdraw filed by trial counsel is included in the record.

[2] The remedy for an untimely notice of appeal from a misdemeanor conviction is an application for writ of habeas corpus to the judge of the court in which the appellant was convicted. *See* Tex. Code Crim. Proc. arts. 11.05, .09; *see Walker v. State*, No. 07-19-00313-CR, 2019 WL 4741728, at *1 n.1 (Tex. App.—Amarillo Sept. 27, 2019, orig. proceeding) (mem. op., not designated for publication).

[3] We also note the trial court certified that Bray "has waived the right of appeal." *See* Tex. R. App. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules.").

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed:   June 20, 2025

Do Not Publish

3