

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00163-CR

---

GARY PAUL BRANCH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 32990A, Honorable Dee Johnson, Presiding

---

June 20, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Gary Paul Branch, appeals his conviction for assault family violence[1] and sentence to four years of confinement. We dismiss the untimely appeal for want of jurisdiction and because Appellant has no right of appeal.

The trial court sentenced Appellant on May 8, 2024. Because no motion for new trial was filed, a notice of appeal was due within thirty days after sentencing, by June 7,

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A).

2024. *See* TEX. R. APP. P. 26.2(a) (requiring a notice of appeal in a criminal case to be filed within thirty days after sentence is imposed or within ninety days if the defendant timely files a motion for new trial). On May 12, 2025, Appellant filed documents with this Court challenging his conviction. We have construed the documents as a notice of appeal. Appellant's untimely notice of appeal, however, prevents this Court from acquiring jurisdiction over the appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) ("If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction.").

Further, under Rule of Appellate Procedure 25.2(d), we are required to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Here, the trial court's certification of Appellant's right of appeal indicates that this is a plea-bargain case with no right of appeal and that Appellant has waived the right of appeal. The certification comports with the record before the Court.

By letter of May 19, 2025, we notified Appellant of the consequences of his late notice of appeal and the trial court's certification and directed him to show how the Court has jurisdiction over the appeal. Appellant has not filed a response or had any further communication with this Court to date.

Accordingly, we dismiss the appeal for want of jurisdiction and based on the trial court's certification.

Per Curiam

Do not publish.

2