

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00241-CR

---

Lance Davis, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the Municipal Court of Appeals
El Paso County, Texas
Trial Court No. 24-MCA-4066

---

## MEMORANDUM OPINION

Self-represented Appellant, Lance Davis, attempts to appeal from a judgment in the Municipal Court of Appeals of the City of El Paso. Because we conclude that the appeal was not timely perfected, we dismiss the appeal for want of jurisdiction.

# I. BACKGROUND

Davis was cited on March 1, 2024, for speeding in a school zone. The Municipal Court heard the cause on August 20, 2024, found Davis guilty, and assessed a fine of $199.75. Davis then appealed to the Municipal Court of Appeals, which affirmed the judgment of the trial court by opinion dated November 20, 2024.

Five months later, on April 21, 2025, Davis filed a document titled "Re: Notice of Intent to Dismiss for Want of Prosecution." Although a final judgment had been entered, the Municipal Court of Appeals issued an order on September 23, 2025, construing Davis's filing as a motion to dismiss the case. In the order, the Municipal Court of Appeals acknowledged that Davis's motion "was filed more than 5 months after the Court issued its opinion," but it "[n]onetheless, [considered the] motion," and denied Davis's request for relief.[1]

On October 6, 2025, Davis filed an "Appellate Brief of Dismissal" and a notice of appeal in this Court. The Clerk of this Court notified Davis that his notice of appeal was untimely filed, and that this Court lacked jurisdiction over his appeal.[2] Tex. R. App. P. 26.2(a)(1). We directed Davis to file a response in this Court showing grounds to continue the appeal no later than March 30, 2026, and cautioned that failure to do so could result in the dismissal of his appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

---

[1] Davis's filing stated that he "cannot afford the original Trial Recording or to have it transcribed." The Municipal Court of Appeals, having affirmed the judgment against Davis on the ground that Davis raised issues of fact but failed to request a record for appellate review, appears to have construed Davis's statement as a request to waive fees. It denied Davis's motion on the ground that it lacked discretion to waive any fees pursuant to § 30.00019(b) of the Texas Government Code. Tex. Gov't Code Ann. § 30.00019(b).

[2] The notice states that Davis filed a notice of appeal on November 14, 2025. Davis filed his notice of appeal in this Court on October 6, 2025, but it was not filed in the City Clerk's office until November 14, 2025.

Davis timely responded to our notice, asserting in part that because the State has remained silent on the matter, this Court's notices questioning our jurisdiction have placed an "undue burden" on him. His response failed to show how this Court has jurisdiction over his appeal.

## II. JURISDICTION

A court of appeals always has jurisdiction to determine its jurisdiction, and "may always address jurisdictional matters before reaching the merits of an appeal." *Staley v. State*, 420 S.W.3d. 785, 792 n. 13 (Tex. Crim. App. 2013); *Slaton v. State*, 981 S.W.2d 208, 210 n.3 (Tex. Crim. App. 1998) ("The jurisdiction to determine jurisdiction is the inherent authority of a court to decide whether documents filed with it invoke its jurisdiction."). Accordingly, we begin by determining whether this Court has jurisdiction to consider an appeal arising from the Municipal Court of Appeals.

"A municipal court of record has exclusive jurisdiction over all criminal matters arising under municipal ordinances and Class C misdemeanors." *See State v. Villa*, 707 S.W.3d 263, 267 (Tex. Crim. App. 2024) (citing Tex. Code Crim. Proc. arts. 4.01(10), Tex. Gov't Code Ann. § 30.00005). Municipal courts of record are generally governed by the Uniform Municipal Courts of Record Act (UMCRA). Tex. Gov't Code Ann. §§ 30.00001–30.00027. Additionally, the El Paso Courts Act establishes procedures unique to the City of El Paso's municipal court system. Tex. Gov't Code Ann. §§ 30.00121–30.00164. The El Paso Municipal Court of Appeals has jurisdiction over appeals from the El Paso Municipal Court, which is a court of record. Tex. Gov't Code Ann. § 30.00145(a). Because the El Paso Courts Act does not address the right of appeal from a decision of the El Paso Municipal Court of Appeals to the Court of Appeals, the UMCRA controls. Tex. Gov't Code Ann. § 30.00001(c). Section 30.00027 of the UMCRA provides appellants with a limited right of appeal to a state court of appeals if the fine assessed against the

defendant exceeds $100 and the judgment was affirmed by the appellate court, or if the sole issue is the constitutionality of the state statute or ordinance on which the conviction is based. Tex. Gov't Code Ann. § 30.00027(a); *see Thomson v. State*, 727 S.W.3d 200, 203 (Tex. Crim. App. 2025) (explaining that jurisdiction is conferred by either constitution or statute).

But even if an appellant has a statutory right of appeal, he must still timely invoke the right by filing a notice of appeal within 30 days after the date that the appealable order is entered. Tex. R. App. P. 26.2(a)(1); *See* Tex. Gov't Code Ann. §30.00023(a). (stating that the Texas Rules of Appellate Procedure apply to trials and appeals from municipal courts of records). A court of appeals may grant an extension of time if, within 15 days after the deadline for filing the notice of appeal, the party files (a) the notice of appeal, and (b) a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction and must dismiss the appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

## III. DISCUSSION

The Municipal Court assessed a fine in excess of $100, the Municipal Court of Appeals affirmed the judgment, and § 30.00027(a) provides a statutory right of appeal. Tex. Gov't Code Ann. § 30.00027(a). The Municipal Court of Appeals' opinion affirming the Municipal Court's judgment was entered on November 20, 2024, and Davis's notice of appeal was due no later than December 20, 2024. Tex. R. App. P. 26.2(a)(1). His notice of appeal was not filed until October 6, 2025—long past the deadline to perfect an appeal and well outside of the 15-day grace period within which this Court may grant an extension. Tex. R. App. P. 26.3. The notice of appeal did not invoke this Court's jurisdiction, and we must dismiss the appeal. *Castillo*, 369 S.W.3d 198.

4

To the extent that Davis asserts in his response that he is appealing from the September 23, 2025 order, we hold that the September 23, 2025 order is void. A court of appeals' plenary power over its judgment expires 60 days after judgment if no timely filed motion for rehearing is filed. Tex. R. App. P. 19.1(a); Tex. Gov't Code Ann. § 30.00023(a) ("[T]he Code of Criminal Procedure and the Texas Rules of Appellate Procedure govern the trial of cases before the municipal courts of record."). With few exceptions that do not apply here, a court of appeals is without jurisdiction to act once its plenary power expires. *See* Tex. R. App. P. 19.3 (listing actions a court of appeals may take after the expiration of its plenary power). Because the September Order was issued eight months after the Municipal Court of Appeals' plenary power expired, it is void. *See Flores v. State*, 679 S.W.3d 695, 697 (Tex. Crim. App. 2023) ("Actions taken by a court without jurisdiction are void.").

## IV. CONCLUSION

Davis's notice of appeal was untimely filed and did not invoke this Court's jurisdiction. We therefore dismiss the appeal. Tex. R. App. P. 43.2(f). All pending motions are dismissed as moot.

MARIA SALAS MENDOZA, Chief Justice

April 1, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)