In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00073-CR**
_____

**THADDEUS DESHUN PAPILLION, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCCR0857**

**MEMORANDUM OPINION**

Thaddeus Deshun Papillion was indicted for possession of a controlled substance, a charge to which he pleaded guilty, and on July 9, 2025, the trial court sentenced him to two years confinement in state jail. Papillion did not file a motion for new trial within 30 days after the date on which the trial court imposed the sentence. *See* Tex. R. App. P. 21.4(a). Notice of appeal was due to be filed on August 8, 2025. *See id*. 26.2(a)(1). Papillion's time for filing a motion for extension of time to perfect his appeal expired on August 25, 2025. *See id*. 4.1(a), 26.3. A pro se notice

1

of appeal was dated January 30, 2026, mailed in an envelope postmarked February 3, 2026, and received by the District Clerk on February 9, 2026.

On February 13, 2026, the Clerk of the Court notified the parties that the appeal had been filed outside the time for which an extension of time may be granted for filing notice of appeal and warned the parties that the appeal would be dismissed unless grounds were shown for continuing the appeal. Neither Papillion nor the State responded to the Clerk's notice.

When a defendant appeals from a conviction in a criminal case, the time to file a notice of appeal runs from the date sentence is imposed or suspended in open court. *See id.* 26.2(a). An appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the defendant files a notice of appeal in the trial court and files a motion for extension of time in the appellate court. *See id.* 26.3. Papillion failed to file a notice of appeal and a motion for an extension of time within the time permitted by the rule. *See id*. He does not contend that he has obtained an out-of-time appeal from the Court of Criminal Appeals.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). "If a

notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Id*.

The Court finds it is without jurisdiction to entertain the appeal. Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on March 31, 2026
Opinion Delivered April 1, 2026
Do Not Publish

Before Johnson, Wright and Chambers, JJ.